UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JOEL SAULMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 3:18-cv-750-CHB ) |
| LOUISVILLE GAS & ELECTRIC COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Joel Saulman ("Saulman" or "Plaintiff"), by counsel, brings this action against Defendant, Louisville Gas & Electric Company ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.* and the Kentucky Civil Rights Act (KCRA).

**II. PARTIES**

2. Saulman is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant is a domestic corporation that systematically conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this

litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. §12117.

5. Jurisdiction is conferred on Saulman's state law claims pursuant to 28 U.S.C. §1367 because his state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and KRS 344.030(2).

7. Saulman is an "employee" as that term is defined by 42 U.S.C. §12111(4) and KRS 344.030(5).

8. Saulman is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Saulman's disability and/or regarded Saulman as being disabled and/or Saulman had a record of being disabled.

9. Saulman satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Saulman received the required Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. Saulman was hired by Defendant in or about July 2003. He presently serves as a Lineman.

12. At all relevant times, Saulman has met or exceeded Defendant's legitimate performance expectations.

13. Defendant is sending approximately 12 individuals to Puerto Rico on a special assignment to help restore power to the area. The assignment is expected to last 6-9 months. The assignment represents an increase of approximately $3,500 per week for those selected to go on the assignment.

14. Saulman was originally selected for the assignment. However, on or about December 19, 2017, he was informed that he was being removed from the assignment. Initially, he was told it was due to his safety record; however, Tandra Miller, Human Resources, informed Saulman that they did not feel that "this is not personal, with everything going on with your health and all, we don't know the conditions of the medical facilities there, it's probably safer for your to stay here."

15. Defendant discriminated against Saulman based on a perceived disability. Saulman had undergone a variety of testing for a potential heart condition in the sixty days prior; however, through the testing, it was determined that he was not suffering from a heart condition. Saulman was cleared to return to work without restrictions by Defendant's physician and had just passed had just passed his CDL physical that morning.

16.     Furthermore, individuals with significantly worse safety records remained on the Puerto Rico assignment.

17.     As a result of the foregoing, Saulman filed Charge of Discrimination No. 474-2018-00347 alleging that he was discriminated against based on his disability.

18.     Following his filing of the Charge, Defendant sent a second team to Puerto Rico on assignment.  Though Saulman should have been placed on the team per normal assignment rules under the collective bargaining agreement, Defendant did not place him on the assignment.  Again, Saulman lost significant pay as a result.

19.     Meanwhile, Billy Hundley, Saulman's supervisor, instructed the dispatchers here not to give Saulman any calls that would allow him to work overtime. Individuals who have not engaged in protected activity have been allowed to continue to work overtime.

## V.  CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

20.     Saulman hereby incorporates by reference paragraphs one (1) through nineteen (19) as if the same were set forth at length herein.

21.     Defendant violated Saulman's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* and the Kentucky Civil Rights Act by refusing to allow him to go on the Puerto Rico assignments due to his actual or perceived disability.

22.     Defendant's actions were intentional, willful and in reckless disregard of Saulman's rights as protected by the ADA and the KCRA, KRS 344.040.

23.     Saulman has suffered damages as a result of Defendant's actions.

## COUNT II: RETALIATION

24. Saulman hereby incorporates by reference paragraphs one (1) through twenty-three (23) of his Complaint as if the same were set forth at length herein.

25. Saulman engaged in protected activity when he complained of disability discrimination and filed a Charge of Discrimination with the U.S> Equal Employment Opportunity Commission.

26. Defendant retaliated against Charging Party by refusing to allow him to go on the second Puerto Rico assignment and denying him overtime opportunities.

27. Defendant willfully and intentionally retaliated against Saulman in violation of the ADA and KCRA, KRS 344.040.

28. Saulman has suffered damages as a result of Defendant's actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Joel Saulman, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Saulman to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Saulman of front pay in lieu thereof;

2. All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA and KCRA;

5. Punitive damages for Defendant's violation of the ADA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Joel Saulman*

## DEMAND FOR JURY TRIAL

Plaintiff, Joel Saulman, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Joel Saulman*